IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NABIL SALEH, as Trustee of the Nabil Saleh MD Ltd. Pension Plan,<br><br>Plaintiff,<br><br>v.<br><br>HASAN MERCHANT, et al.,<br><br>Defendants.<br><br>─────────────────<br><br>MUSKEGAN HOTELS LLC, M.D. 1 LLC, MD GLOBAL LLC, GLOBAL DEVELOPMENT, INC., and HASAN MERCHANT,<br><br>Cross-Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the NATIONAL REPUBLIC BANK OF CHICAGO, HIREN PATEL, EDWARD FITZGERALD, WOLIN & ROSEN LTD., SMITHAMUNDSEN LLC, THE STATE BANK OF TEXAS, CHANDRAKANT PATEL, ADVANCED APPRAISAL CONSULTANTS, INCORPORATION, ADVANCED APPRAISAL CONSULTANTS, LLC, and WILIAM DADDONO,<br><br>Cross-Defendants. | No. 14-cv-09186<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER
ON CROSS-PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND RELATED MOTIONS**

Cross-Plaintiffs Muskegan Hotels LLC, M.D. 1 LLC, Global Development, Inc., MD Global LLC, and Hasan Merchant have moved for leave to file a second amended cross-complaint *instanter* under Federal Rule of Civil Procedure 15. No parties have answered the previously filed cross-complaints, although two cross-defendants (the FDIC and Edward Fitzgerald) have filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). The second amended cross-complaint will not cause undue prejudice to the defendants and may cure some of the deficiencies suggested in the motions to dismiss. Counts 1-5 and 13, however, are futile in light of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). Thus, the motion for leave to amend is granted except as to Counts 1-5 and 13.

The Court also addresses the cross-plaintiffs' pending motion to replace deceased cross-plaintiff Hasan Merchant with his estate's administrator, Michael I. Merchant. Because the motion is timely under Federal Rule of Civil Procedure 25 and the claims challenged by Wolin & Rosen survive Merchant's death, the motion to substitute is granted.

## BACKGROUND

This cross-complaint is a part of a long-running dispute that has spanned state and federal courts regarding bad investments in motel properties. The cross-plaintiffs allege that a number of defendants, including the National Republic Bank of Chicago (now under receivership by the FDIC), several of the bank's employees, The State Bank of Texas, several of that bank's employees, and several appraisal services and one of their employees, all conspired to use inflated appraisals to sell foreclosed hotels and motels at above-market prices. Mot. for Leave to Am. Cross-Compl. Ex. 1 ("Cross-Compl.") ¶ 76. They bring claims against the FDIC relating to its denial of their administrative claims to National Republic Bank of Chicago assets, Racketeer-

Influence Corrupt Organizations ("RICO") charges against the entire group,[1] as well as state claims for fraud, breach of fiduciary duty, negligence, tortious interference with contract, unjust enrichment, quantum meruit, and equitable subordination. Only the FDIC objected to the motion for leave to amend the cross-complaint.

In a later motion, the cross-plaintiffs also moved to substitute the administrator for Hasan Merchant's estate for Mr. Merchant, who passed away on July 31, 2015. Mot. to Substitute Ex. 2, ECF No. 81-2. Cross-Defendant Wolin & Rosen, Ltd. objected that Merchant's RICO and state law claims did not survive his death. Both of these motions are addressed below.

## DISCUSSION

On January 5, 2016, the cross-plaintiffs requested leave to file a second amended cross-complaint ("SACC") *instanter.* This filing may have been intended as a response to the FDIC's motion to dismiss this first amended cross-complaint, since the cross-plaintiffs did not otherwise respond to that motion to dismiss. The cross-plaintiffs cannot file this new cross-complaint without leave of court, since it is their second time amending and beyond the time frame for amendment by right. *See* Fed. Rule Civ. Proc. 15(a)(2). Leave to amend should be given "freely. . . when justice so requires." *Id*. Leave to amend should be denied when there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

---

[1] As noted *infra,* the Court construes the RICO claims to be asserted against the FDIC as Receiver for National Republic Bank, though for some reason these counts do not refer to the FDIC and appear to target the Bank directly (in contrast to the language employed in the extant cross-complaint, which appropriately reflects that the RICO claims are asserted against the FDIC as Receiver for the Bank).

The SACC would in fact be the sixth cross-complaint filed in this case (three in the state court proceeding prior to removal plus three in federal court). During its time in federal court, the cross-complaint has doubled in number of counts and ballooned from two cross-defendants to eleven. However, as the cross-plaintiffs note in their motion, there has been no discovery and no defendant has filed an answer to the current operative cross-complaint. Furthermore, delay on its own is generally not a sufficient reason to deny leave to amend. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

The FDIC argues that the claims against it are also futile because they are barred by a variety of statutory provisions. An amendment is futile "[w]here it is clear that the defect cannot be corrected." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). If the claims are indeed unquestionably barred, the motion for leave to amend should be denied.

As the SACC addresses concerns raised by other cross-defendants (such as Edward Fitzgerald) and no cross-defendant other than the FDIC has objected, there is no prejudice in granting the motion as to the other defendants. Mr. Fitzgerald's motion to dismiss the first amended cross complaint for failure to state a claim is therefore denied as moot, although he may offer it again if the second amended cross-complaint fails to address his concerns to his satisfaction.

**I. Claims against the FDIC**

There are 8 counts in the proposed SACC that name the FDIC as a cross-defendant. The first five are styled as claims for determination of the cross-plaintiffs' proofs of claim. According to the SACC, the cross-plaintiffs all filed claims with the FDIC between November 29 and December 1, 2014. Mot. for Leave to Am. Cross-Compl. Ex. 1 ("Cross-Compl.") ¶ 18. These

were all disallowed by the FDIC on August 17, 2015. *Id.* at ¶ 19-23. The exhibits attached to the cross-plaintiffs' motion state that their claims were disallowed under 12 U.S.C. § 1821(d)(5)(D)(i). The FDIC claims this action is barred by 12 U.S.C. § 1821(d)(5)(E), which states that "[n]o court may review the Corporation's determination pursuant to subparagraph (D) to disallow a claim." The cross-plaintiffs claim, however, that they are simply "continu[ing] an action commenced before the appointment of the receiver," which they are permitted to do under 12 U.S.C. § 1821(d)(6)(A). *See, e.g.,* Cross-Pl.'s Ex. 1-A at 2, ECF No. 56-2 ("if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver)").

Resolution of this issue turns on the nature of the cross-plaintiffs' claims. The FDIC is correct that federal courts have no jurisdiction to review the FDIC's determination to disallow a claim. 12 U.S.C. § 1821(d)(5)(E). But a disappointed claimant may nevertheless pursue its claim in federal court. "He may return to square one, and, under 12 U.S.C. § 1821(d)(6)(A), file suit against the RTC in federal district court, not for review of the RTC's disallowance, but for relief on the underlying claim. Such a suit ignores the RTC's disallowance and allows *de novo* examination of the claim by the federal courts. FIRREA explicitly gives the federal courts jurisdiction over such a suit. 12 U.S.C. § 1821(d)(6)(A)." *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1165 (7th Cir. 1995). *See also Miller v. FDIC*, 738 F.3d 836, 841 (7th Cir. 2013) ("An unsuccessful claimant's other option is to forego additional administrative review and proceed directly to federal court.").

The problem here is that Counts 1-5 of the proposed SACC appear to do both. On the one hand, the counts expressly state that the cross-plaintiffs are seeking to continue their action (*e.g.*, Cross-Compl. ¶ 24, noting that after FDIC disallowed the claims, the stay that had been in place

5

was lifted so that litigation of the cross-plaintiffs' claims could proceed) and invoke this court's jurisdiction under § 1821(d)(6)(A) to hear such claims *de novo*. On the other hand, the counts also complain about the quality and lawfulness of the FDIC's administrative process and decision. *See* Cross-Compl. ¶ 25 (the Notice of Disallowance "provided no additional detail or explanation"); ¶ 27 ("FDIC's refusal to consider the Claim . . . violated the FDIC's statutory duty to pay all valid claims"); ¶ 29 (failure to provide grounds for decision "is a violation of [FDIC's] statutory duties").

Though the cross-plaintiffs' objective in asserting Counts 1 through 5 is ambiguous, one suspects that they seek to add those counts for the latter, impermissible, purpose of challenging the FDIC's denial of their claims. That is because there would be no need to amend the complaint with additional counts to reflect the exhaustion of the required administrative process; after the denial of the administrative claims, the parties could have simply resumed the litigation of the claims that had already been asserted in this court. And, indeed, that is what they did. After denial of the administrative claims, the parties appeared in court on September 9, 2015 and agreed that the stay that had been imposed pending resolution of the administrative claims should be lifted and the discovery process resumed. *See* ECF No. 27. The substantive claims which this court has jurisdiction to hear *de novo* were already part of the case. Adding Counts 1-5, then, would add nothing to the substance of the case now pending before the court.

Thus, to the extent that they are pursuing the underlying claims they asserted before the FDIC became the Receiver for National Republic Bank of Chicago, and which they then submitted to the FDIC as Receiver in late 2014, the cross-plaintiffs can proceed.[2] What they

---

[2] The court notes that the proposed SACC now asserts the RICO claims against "National Republic Bank of Chicago" rather than against the FDIC as Receiver for the bank. The FDIC, however, has stepped into the shoes of the bank. *See FDIC v. Ernst & Young LLP*, 374 F.3d 579,

cannot do, however, is seek review of the FDIC's decision to disallow those claims; that decision is not subject to judicial review unless it requested the bank review its own decision first (which did not happen here).[3] *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 876 (7th Cir. 1996) (individual may request review of disallowance of a claim under the Administrative Procedure Act if the bank conducts an internal review and makes a final determination on the claim). This Court has no jurisdiction to hear any claims regarding the disallowance of the claims, only the underlying fraud and other contract and tort-based claims. *See Koznarek v. FDIC*, 116 F. Supp. 3d 894, 897-98 (N.D. Ill. 2015) (court has no jurisdiction over "Allowance of Claim" count, only underlying negligence claim).

Adding the proposed "Proof of Claim" counts to the operative complaint would, therefore, be futile. Those counts add no substance to the claims that the cross-plaintiffs may pursue and to the extent that they are otherwise offered for the purpose of challenging the administrative denial of their claims, the court has no jurisdiction to entertain them. Accordingly, the motion for leave to amend is denied as to proposed Counts 1 through 5.

The FDIC is also named in Counts 13, 14, and 15 for unjust enrichment, quantum meruit, and equitable subordination, respectively. The FDIC argues that these equity-based claims are

---

581 (7th Cir. 2004) ("FDIC-Receiver steps into the shoes of the failed bank and is bound by the rules that the bank itself would encounter in litigation"). The amended complaint comports with this requirement, but for unexplained reasons (or perhaps inadvertence) the proposed SAC does not. Since the Court is granting the motion to amend in part, the SAC should correct this issue and make clear that any claim against the bank should name the Receiver.

[3] The FDIC argues the cross-plaintiffs never administratively challenged the disallowance of their earlier administrative claim, but they plainly were not required to – § 1821(d)(6)(A) provides two alternatives and the cross-plaintiffs chose to have the underlying claim reviewed rather than complete the steps necessary to challenge the agency's actions under the APA. In advancing this argument, moreover, the FDIC ignores the fact that its denial notification letters expressly tell claimants that the FDIC will not agree to further administrative review. *See, e.g.,* Ex. 1-A at 2, ECF No. 56-2. Thus, the required step that the FDIC blames the cross-plaintiffs for not taking not only is not required; it is not even possible because the FDIC refuses to make it available. *See Koznarek*, 116 F. Supp. 3d at 898-99.

barred by 12 U.S.C. § 1821(j), which provides that "no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver." This provision bars not only injunctive relief, but also any other equitable relief (such as a declaratory judgement) that would "restrain" the FDIC. *Courtney v. Halleran*, 485 F.3d 942, 948 (7th Cir. 2007) (citing *Freeman v. FDIC*, 56 F.3d 1394, 1399 (D.C. Cir. 1995)). Count 14, however, requests relief in the form of "monetary sums" only. *Id.* at ¶ 180. Although this cause of action lies in equity, the relief would not "restrain or affect" the ability of the FDIC to carry out its functions any more so than would any successful claim for damages. *See Waterview Mgmt. Co. v. FDIC*, 105 F.3d 696, 700 n. 2 (D.C. Cir. 1997). Count 14 does not purport to require the FDIC to ignore statutory priorities of distribution or otherwise to do, or refrain from doing, anything that would cabin its broad discretion as Receiver. See *Veluchamy v. FDIC*, 706 F.3d 810, 818-19 (7th Cir. 2013) (plaintiff's claim of entitlement to higher priority of distribution did not implicate FIRREA injunction bar where it did not impact Receiver's "overall function of distributing amounts pursuant to the statutory priority scheme"). Because it does not request equitable relief that would restrain the FDIC, Count 14 is not futile. Count 15, which requests an "order directing that the claims of the FDIC as Receiver for National Republic Bank are subordinated and subrogated to lesser priority than the claims of the cross-plaintiffs," passes muster for the same reason.

The only problematic count is Count 13, which requests a constructive trust, a plainly equitable remedy. Although it does not appear to have been addressed in the Seventh Circuit, constructive trusts have been found to violate 1821(j) in several courts of appeals. S*ee Hanson v. FDIC*, 113 F.3d 866, 871 (8th Cir. 1997) ("Imposition of a constructive trust would necessarily 'restrain or affect the exercise of power or functions of the [FDIC] as a conservator or a

receiver.'"), *Hindes v. FDIC*, 137 F.3d 148, 161 (3d Cir. 1998). Count 13 only requests an equitable remedy this Court cannot order, so Count 13 is futile.

In sum, amending the complaint to add Counts 1-5 and 13 would be futile. The remaining claims against the FDIC are not futile and therefore should be allowed in the second amended cross-complaint. Nothing in this memorandum opinion and order should be taken as a determination of the merits of the cross-plaintiffs' claims. The FDIC was the only cross-defendant to raise an objection, and the remaining counts appear to have corrected previous issues regarding vagueness and specificity of the acts of the other cross-defendants. As a simple matter of completeness, the Court now turns to the cross-plaintiffs' motion to substitute Michael I. Merchant, administrator of the state of Hasan Merchant, for his father.

**II. Substitution of Michael Merchant for Hasan Merchant**

The cross-plaintiffs also move to substitute Michael Merchant, administrator of Hasan Merchant's estate, for Hasan Merchant under Rule 25.[4] Under Rule 25(a),[5] a court may substitute the decedent's successor or representative if the claim is not extinguished by the party's death. Cross-Defendant Wolin & Rosen, Ltd. objected to the substitution motion on the grounds that the RICO and state law claims do not survive Merchant's death. Wolin & Rosen is named only in some of the state law counts, and the Court considers the opposition to the motion to relate only to those state law counts.

The case cited by Wolin & Rosen, *In re Engle Cases*, 767 F. 3d 1081 (11th Cir. 2014), is inapposite because it discusses cases where the plaintiff was deceased ***at the time of filing***. Here,

---

[4] It is not clear why other cross-plaintiffs filed this motion rather than Hasan's administrator. Wolin & Rosen's opposition ignores any distinction or problem in that regard, however. Any such objection being forfeited, the court will address the motion on its merits.

[5] The motion states it is moving under Rule 25(e). As Rule 25 has no subsection e, the Court assumes they meant to proceed under Rule 25(a), which addresses the death of a party.

Mr. Merchant was alive when the original complaint and cross-complaint were filed; he passed away prior to the filing of the amended cross-complaint. The cross-plaintiffs' motion is timely because it must only be made within 90 days of a formal suggestion of death ***on the record***. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Here, the suggestion of death on the record accompanied the motion for substitution.

The question, then, is whether the RICO and state law claims originally asserted by Merchant before his death are extinguished as to Wolin & Rosen upon his death. Under Rule 25(a)(2), the remaining cross-plaintiffs do not lose their claims against the cross-defendants (including Wolin & Rosen) even if Merchant's claim is extinguished. For federal law claims, federal law controls whether the claim is extinguished, while for state law claims, state common law and statutory provisions govern. *See Neumann v. John Hancock Mut. Life Ins. Co.*, 736 F. Supp. 182, 185-186 (N.D. Ill. 1990).

As to the state law claims, the Illinois Survival Act states that "actions for fraud or deceit" survive as well as all actions that survive by common law. 755 ILCS 5/27-6. Illinois courts have construed this provision and the common law broadly, explaining that it covers all claims where the "gist" of the action is fraud, even if it is not a formal fraud claim. *See Geiger v. Merle,* 360 Ill. 497, 509-510 (Ill. 1935), *Illinois Minerals Co. v. McCarty*, 318 Ill. App. 423, 435 (Ill. App. Ct. 1943), *Lake View Towers Residents Ass'n v. Mills*, 2016 IL App (1st) 143621-U, P34 (Ill. App. Ct. 2016) (applying the "gist" analysis). The gist of all of the cross-plaintiffs' state claims is that they were defrauded, so the state law claims survive under Illinois law and are not extinguished by Merchant's death. Therefore, under Rule 25(a), Merchant's administrator can be substituted for the state law claims.

RICO does not contain a statutory provision dictating whether such claims are extinguished upon the death of a party. *See* PAUL A. BATISTA, CIVIL RICO PRACTICE MANUAL § 6.14 6-63 (2015 Supp.). Under federal common law, RICO claims have been commonly held to survive because they are remedial rather than penal in nature. *See United States v. Private Sanitation Indus. Ass'n*, 159 F.R.D. 389, 390 (E.D.N.Y. 1994) (collecting cases). The only court of appeals to have discussed this issue, so far as this Court is aware, is the Fourth Circuit, which found that RICO claims can survive. *Faircloth v. Finesod*, 938 F.2d 513, 518 (4th Cir. 1991). The Seventh Circuit has not addressed the survivability of RICO claims, but has long recognized that the statute's purpose in permitting private civil actions is primarily remedial rather than punitive. *See United States v. Cappetto*, 502 F.2d 1351, 1357 (7th Cir. 1974). Nevertheless, without specific guidance from the Seventh Circuit on the question of survivability, the Northern District of Illinois has become a pocket of dissent, with a number of cases finding RICO claims to be penal rather than remedial and thus to be extinguished upon the plaintiff's death. *See Hoffman v. Sumner*, 478 F. Supp. 2d 1024, 1031 (N.D. Ill. 2007); E. Rich Hawkes II, Note, *Once Whacked: The Survivability of Civil Rico Claims*, 2008 UTAH L. REV. 315 (2008).

The Seventh Circuit has established a general three part test to determine whether an action survives under federal common law: "(1) whether the purpose of the action is to redress individual wrongs or wrongs to the public; (2) whether recovery runs to the individual or to the public; [and] (3) whether the authorized recovery is wholly disproportionate to the harm suffered." *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 414 (7th Cir. 1980). These factors tilt toward the remedial side of the scale. The first factor is arguably neutral—RICO claims are intended to address both individual wrongs and wrongs to the public—but in the context of a civil action brought by private litigants, the statute largely serves a private

remedial purpose. As to the second factor, the recovery clearly runs to individual rather than public coffers. This factor strongly supports finding the claims survive the plaintiff's death.

Finally, there is the question of whether the recovery permitted by the statute is disproportionate, given that treble damages are available and have been requested by the cross-plaintiffs in this case. Courts have split on whether treble damages should render a RICO claim sufficiently penal to extinguish the claim. *Compare Washburn v. Brown*, No. 81 C 1475, 1988 WL 130021, at *3 (N.D. Ill. Nov. 23, 1988) (treble damages claim does not survive) *with County of Oakland by Kuhn v. Detroit,* 784 F. Supp. 1275, 1285 (E.D. Mich. 1992) (treble damages claim does survive). The Supreme Court, however, has "repeatedly acknowledged that the treble-damages provision contained in RICO itself is remedial in nature." *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 406 (2003). *See also Shearson/American Express v. McMahon,* 482 U.S. 220, 240-241 (1987) (the policing or penal function of RICO's treble damages provision is a "secondary concern" to its remedial one). An argument can be made, moreover, that treble damages provisions may represent an accurate measure of actual damages in some contexts, given difficulties with detection and other factors rather than a simple penalty. *See, e.g.,* Robert H. Lande, *Are Antitrust "Treble" Damages Really Single Damages?,* 54 OHIO ST. L. J. 115, 118 (1993). In light of these considerations, and at this juncture, the Court cannot conclude that treble damages are "wholly disproportionate" in this case, even though they may be higher than the readily provable damages.

On balance, then, the Court finds that in this case the remedial purposes of the RICO statute outweigh the punitive. Accordingly, the Court finds that Merchant's RICO claim survives his death. As a result, his administrator can be substituted under Rule 25(a) for this and all of his other claims.

*   *   *

The cross-plaintiffs' second amended complaint is not futile except as to Counts 1-5 and 13. As such, the motion for leave to file a second amended complaint is granted except as to those Counts. The cross-plaintiffs' motion to substitute Michael I. Merchant, administrator of Hasan Merchant's estate, is granted because all the challenged claims survive Merchant's death. These rulings moot the FDIC's pending motion to dismiss the first amended cross-complaint and cross-defendant Edward Fitzgerald's motion to dismiss for failure to state a claim. Those motions are therefore denied without prejudice. The cross-plaintiffs are directed to file a version of the second amended cross-complaint which reflects these rulings, including the substitution, within 14 days.

Dated: April 25, 2017

John J. Tharp, Jr.
United States District Judge