# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NABIL SALEH, as Trustee of the Nabil Saleh MD Ltd. Pension Plan, <br><br> Plaintiff, <br><br> v. <br><br> HASAN MERCHANT, et al., <br><br> Defendants. <br><br> ———————————— <br><br> MUSKEGAN HOTELS LLC, M.D. 1 LLC, MD GLOBAL LLC, GLOBAL DEVELOPMENT, INC., and HASAN MERCHANT, <br><br> Cross-Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the NATIONAL REPUBLIC BANK OF CHICAGO, HIREN PATEL, EDWARD FITZGERALD, WOLIN & ROSEN LTD., SMITHAMUNDSEN LLC, THE STATE BANK OF TEXAS, CHANDRAKANT PATEL, ADVANCED APPRAISAL CONSULTANTS, INCORPORATION, ADVANCED APPRAISAL CONSULTANTS, LLC, and WILIAM DADDONO <br><br> Cross-Defendants. | No. 14-cv-09186 <br><br> Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

Cross-Plaintiffs Muskegan Hotels LLC, M.D. 1 LLC, Global Development, Inc., MD Global LLC, and Hasan Merchant[1] have moved to reassign and consolidate this case with two later-filed cases, *Phoenix v. Shashtriji*, No. 15-cv-10697, and *Delaware Motel Associates v. Lehman Brothers*, No. 17-cv-01715, pursuant to Fed. R. Civ. P. 42(a)(2) and Local Rule 40.4. Because reassignment of these cases is not likely to result in substantial savings of judicial time and effort, among other reasons, the motion to reassign and consolidate is denied.

**BACKGROUND**

Each of the cases at issue is complex, but the Court will provide a brief overview of each of the claims in order to demonstrate why these cases should not be consolidated. The Court discusses each of these cases in turn.

**I. The *Saleh* Case**

This case was filed in Illinois state court in 2010 and removed to this Court in late 2014. The underlying complaint, brought by Nabil Saleh, alleged eighteen counts of Illinois state law violations stemming from a series of investments he alleges were stolen or mishandled. *See* Compl., ECF No. 1-4. The Federal Deposit Insurance Corporation ("FDIC") removed the suit to federal court when it took over as receiver for one of the defendants. *See* Notice of Removal, ECF No. 1. Many of those defendants banded together and filed a series of cross-complaints (the second amended cross-complaint was filed on May 7, 2017). *See* Second Am. Cross-Compl., ECF No. 127. The current 51-page cross-complaint, to which some cross-defendants have not yet responded, alleges eight counts stemming from an alleged conspiracy to inflate appraisal prices.

---

[1] The motion indicates it is brought by Hasan Merchant. After this motion was filed, the Court granted a motion to substitute Michael Merchant for Hasan Merchant, who has died. The Court construes the motion to be brought on behalf of Michael Merchant as administrator for the estate of Hasan Merchant.

The alleged three-tier conspiracy had the goal to "purchase, service and sell National Republic Bank's fraudulent commercial loan accounts" and use appraisals by William Daddono and Advanced Appraisal to inflate the value of the properties. *See id.* at ¶ 7. Several of the cross-defendants have indicated they intend to respond to the second amended cross-complaint by motion, although such motions are not yet due.

## II. The *Phoenix* Case

The *Phoenix* case came to this District in 2014 from Michigan state courts after the FDIC accepted receivership of a bank involved in that case. *See* Notice of Removal Ex. 4, *Phoenix* ECF No. 1-4. The underlying state court action sought to enforce certain promissory notes through Michigan state law claims for enforcement of contract and guarantees and appointment of a receiver. *Id.* Fact discovery closed in the underlying claim on December 16, 2016, *see Phoenix* ECF No. 67; Phoenix Opp. to Mot. at 5, *Saleh* ECF No. 124 (indicating depositions have been completed). On November 10, 2016, defendants Ghanshyam Patel and Pradyuman Shah (represented by the *Saleh* cross-plaintiffs' attorney) filed an amended answer and counterclaims alleging intentional interference with prospective economic advantage, unjust enrichment, and quantum meruit. Am. Answer, *Phoenix* ECF No. 86. There are no RICO claims as in *Saleh*; the counterclaims allege only that Phoenix (a distinct entity not named in the *Saleh* case anywhere) inflated property appraisals, not that there was a pervasive scheme to do so. *See id.* at ¶ 4. Those counterclaims are subject to a motion to dismiss, which is currently stayed pending this Court's ruling on the reassignment and consolidation motion. *See Phoenix* ECF No. 104. Although the *Phoenix* defendants twice brought motions to add further defendants and RICO claims, one was stricken and the other was withdrawn following a colloquy with the judge assigned to the case. *See Phoenix* Tr. of Hr'g of Jan. 9, 2017, Tr. of Hr'g of Jan. 24, 2017,

3

*Phoenix* ECF No. 100-101. Thus, the only mention of the *Saleh* RICO conspiracy is as an affirmative defense that National Republic Bank, which is no longer a party because the loans in question were assigned to Phoenix (*see Phoenix* Order Granting Substitution of Party, ECF No. 26), fraudulently induced the defendants to enter into the loans. *See* Am. Answer Affirmative Def. ¶ 1-21.

### III. The *Delaware* Case

The *Delaware* case was removed from Illinois state court on March 3, 2017, where it had originally been filed in January. *See* Notice of Removal, *Delaware* ECF No. 1. There, a group of entities and individuals (represented by the *Saleh* cross-plaintiffs' attorney) sued 18 defendants claiming a RICO conspiracy to increase appraisal values. An amended complaint was filed on May 3, 2017 in response to four pending motions to dismiss (as well as one granted motion to dismiss the Lehman entities). *See Delaware* ECF No. 45. The amended complaint names over 25 defendants, including Phoenix and some of the *Saleh* cross-defendants as well as many entities not named in either of the other suits. *Id*. The current complaint, which has not been answered by any defendant or even served on some of the defendants, claims RICO conspiracies as well as Illinois state law claims for fraud, tortious interference, and various equitable remedies. *Id*.

## DISCUSSION

A district court may consolidate actions before the court if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Whether or not to consolidate is left to the judge's discretion, *Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011), although this district has provided more structure to the exercise of that discretion in Local Rule 40.4. Under the Local Rule section claimed here, cases may be related if they involve "some of the same issues of fact or law" and may be reassigned if four criteria are all met:

(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

Local R. 40.4. Here, the motion is for reassignment and consolidation, not mere finding of relatedness. Such motions "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." Local R. 40.4(c). As the non-movants correctly point out, this is not true in this case (responsive pleadings have not been filed to the cross-complaint in *Saleh* or the complaint in the *Delaware* case). This would be reason enough to deny the motion. However, there are many more.

The movant bears the burden of demonstrating that the prerequisite conditions in the Local Rule are met. *See Mitchell v. City of Chi.*, No. 09 C 3315, 2012 U.S. Dist. LEXIS 89249, at *4 (N.D. Ill. June 28, 2012). The cross-plaintiffs argue that all three cases arise out of the same alleged conspiracy and therefore present common question of fact and law, particularly expert testimony. They argue that roughly 40% (the background and foundation) of their experts' testimony would have to be repeated across each trial and they would also save on transcription fees.[2] *See* Reply at 1. They further argue that each complaint contains some mention of the alleged scheme as well as fraud and unjust enrichment claims (of course, there are dozens of counts spread across the three complaints and cross-complaints). In reply, they further argue that the cases are susceptible to determination is a single proceeding, because if they win on their RICO claim in *Saleh*, that would provide an affirmative defense in the *Phoenix* case and also resolve their similar claims in the *Delaware* case. They also argue that all the cases are similarly

---

[2] The Court notes, of course, that it is not clear at this point that there will ever be a trial in any of these cases. The cross-plaintiffs focus on perceived trial cost savings, without acknowledging that in two of the cases the validity of the complaints is still being litigated and any trials are a long way off.

5

situated in that discovery has not progressed as to any of their claims; that is simply wrong, as discovery in the *Phoenix* case has been completed. Finally, they argue the risk of jury confusion and increased trial costs to their opponents are overblown.

The Court need not address all these arguments because in order to grant reassignment, the Court must find ***all*** the 40.4(b) factors are present.[3] To begin, the cases are not likely to be resolved in a single proceeding. A ruling on the RICO claim in *Saleh* would only be determinative for the common parties, and the cross-plaintiffs would still have to prove that the other properties were part of the conspiracy (there are no common properties across the cases). Further, and as noted below, to the extent a combined case proceeds through discovery, the Court will likely face numerous motions for summary judgment that involve discrete fact issues.

Nor are the cases at the same stage, as the cross-plaintiffs maintain. One case, *Phoenix,* has completed discovery and is merely awaiting the resolution of a fully briefed motion to dismiss an amended counterclaim before proceeding to summary judgment. In the *Delaware* case, by contrast, the amended complaint has yet to be served. And in this case, much (though not all) of the wrangling over the pleadings has been completed. Forcing these cases together on a single track would unquestionably delay progress with respect to all of the claims they present.

---

[3] The Court notes that the cross-plaintiffs have also not carried their burden to demonstrate that the cases involve sufficiently related issues of fact or law under Local Rule 40.4(a). Having the same legal issues "on a general level" is not sufficient to automatically justify relatedness. *See Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *1 (N.D. Ill. Sept. 28, 2004) (that Title VII were claims brought against the same defendant alleging failure to hire due to race not sufficient). As the non-movants note, each of these cases involves a number of distinct appraisals, each of which would have to be discussed independently. The counterpoint to the cross-plaintiffs' 40% estimate is that well over half of the expert testimony in each trial would be different. Furthermore, the fact that a party intends to call a specific expert across multiple trials cannot be sufficient, especially when the fact witnesses are anticipated to be different. As noted later, each of these cases also involves other distinct state law claims (under the law of two different states) against different parties. As in *Donahue*, the fact that a general practice may be presented repeatedly is not sufficient grounds even for relatedness, much less reassignment and consolidation.

Perhaps most importantly, the consolidation of these cases will plainly not produce judicial efficiency. The combined super-suit would include over 50 parties, the law of three jurisdictions (federal, Illinois, and Michigan), and five active complaints (the original *Saleh* complaint, the *Saleh* cross-complaint, the *Phoenix* complaint, the *Phoenix* counterclaims, and the *Delaware* complaint) with dozens of counts. Those daunting numbers might even grow as the complaints are answered, perhaps with counterclaims or cross-claims of their own. Such a case would require compounding levels of judicial effort as the Court would have to constantly sort through a barrage of unrelated parties, theories, and applicable laws to address even the smallest motion.

Such a behemoth case has several other downsides that independently would be sufficient to deny the motion. At the outset, combining three complex cases dealing with different transactions, parties, and claims could easily lead to jury confusion. *See Davis v. City of Springfield*, No. 07-3096, 2007 WL 3243053, at *2 (C.D. Ill. Nov. 1, 2007) ("The risk of jury confusion is great enough to decide against consolidation."); *In re Caterpillar Inc. S'holder Derivative Litig.*, No. 113CV01104SLDJEH, 2015 WL 12806591, at *2 (C.D. Ill. Sept. 21, 2015) (risk of jury confusion must be considered). Furthermore, the inevitably lengthy discovery process and interminable trial would undoubtedly prejudice several of the parties in this case. The FDIC correctly points out that it is involved in only two counts of one complaint, but if the motion were granted it would become enmeshed in a much wider trial. Similarly, Phoenix (which is preparing a motion for summary judgment on its underlying complaint) would potentially be prejudiced by delaying the resolution of its claims, depending on the outcome of its pending motion to dismiss. The parties not alleged to be involved in the RICO conspiracy would suffer greatly if they were forced to undergo discovery into those claims and then try their

cases alongside numerous RICO cases. *See Iron Workers Mid-S. Pension Fund on Behalf of Caterpillar Inc. v. Oberhelman*, No. 113CV01104SLDJAG, 2014 WL 1302032, at *2 (C.D. Ill. Mar. 31, 2014) (considering "impact of consolidation on each party's right to receive a fair trial"). Such unfairness and inefficiency easily outweighs the cross-plaintiffs' purported $32,000 savings in transcription costs and expert fees. *See* Mot. at 14, ECF No. 117.

\*     \*     \*

For the foregoing reasons, the motion to reassign and consolidate the *Phoenix* and *Delaware* cases is denied.

Dated: June 5, 2017

John J. Tharp, Jr.
United States District Judge